IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PAUL B. CHAMPION, )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>WEST TENNESSEE EXPLORATION, INC., )<br>WEST TENNESSEE EXPLORATION )<br>   COMPANY, INC., and )<br>DANNIE D. SCHOOLCRAFT, )<br>    Defendants. ) | Civil Action No. 1:12-cv-1090 |

**REPORT AND RECOMMENDATION**

Before the Magistrate Judge is the issue of what sanctions should be imposed upon Defendants due to their failure to advise the Court, within thirty days of its October 11, 2012 Order, of the name(s) of their new attorneys, and in the case of Defendant Dannie D. Schoolcraft, of his decision to represent himself. This matter has been referred for Report and Recommendation [D.E. 43].

On December 14, 2012, this Court conducted a telephone status conference with Defendant Mr. Schoolcraft, who is not a licensed attorney, and the Plaintiff's attorney James Barnett, Jr.[1] Mr. Schoolcraft advised the Court and Mr. Barnett that West Tennessee Exploration, Inc. and West Tennessee Exploration Company, Inc. ("Defendant Corporations") could not afford and would not be hiring an attorney. He further advised the Court that he would be representing himself in a *pro se* capacity. This Court reiterated the warning that Mr. Schoolcraft

---

[1] This is Plaintiff's attorney James P. Barnett, Jr. from Texas, who should not be confused with local attorney Charles Barnett who has withdrawn from his representation of the Defendants.

previously had received from Judge Breen [D.E. 40] that a corporation sued in federal court must be represented by an attorney, although he could act as his own attorney in these proceedings.

Recommendation

The Magistrate Judge recommends that Defendant Schoolcraft be permitted to proceed *pro se.* The Magistrate Judge also recommends that entry of default be entered as sanctions against the two unrepresented Corporate Defendants, given their failure to comply with the District Court's Order dated October 11, 2012 [D.E. 40]. The subject Order admonished these Corporate Defendants that, "[f]ailure of the Defendants to comply with this order or with other orders of the Court may result in the entry of default judgment in favor of the Plaintiff."

As the Defendants are aware, Mr. Schoolcraft is not a licensed attorney and therefore cannot enter an appearance and/or represent these two corporations. *See Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohen,* 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *Grainger v. Solomon,* 2008 U.S. Dist. LEXIS 72337, at *3 (E.D. Tenn. Aug. 12,2008) (accord). Corporate Defendants have been warned of the consequences (entry of default), and have informed the Magistrate Judge that, nevertheless, they will not be hiring an attorney. As the Sixth Circuit has noted, "[f]ederal courts have inherent power to manage their cases, which includes the power to sanction conduct that abuses the judicial process." *Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010). This inherent power is reflected in Rule 16 of the Federal Rules of Civil Procedure. *See* Rule 16(f) (stating, in part, that "…on its own…the court may issue any just orders…if a party or its attorney…fails to obey a scheduling

or other pretrial order."). The Magistrate Judge respectfully submits that Corporate Defendants' refusal to retain counsel and comply with a Court Order is an abuse of the judicial process meriting entry of default as sanctions.

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **January 15, 2013**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**