# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| PAUL B. CHAMPION, )<br>    Plaintiff                    )<br>                               )<br>vs.                                 )<br>                               )<br>WEST TENNESSEE EXPLORATION, )<br>INC., WEST TENNESSEE           )<br>EXPLORATION COMPANY, INC., and )<br>DANNIE D. SCHOOLCRAFT,      )<br>    Defendants.                  ) | Civil Action No. 1:12-cv-1090 |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment and Award of Damages Against Defendant West Tennessee Exploration, Inc. and Defendant West Tennessee Exploration Company, Inc. This matter has been referred to the Magistrate Judge for Report and Recommendation.

As Plaintiff notes, on January 15, 2013, the Magistrate Judge issued a Report and Recommendation, wherein the Court recommended Entry of Default against Defendant West Tennessee Exploration, Inc. and Defendant West Tennessee Exploration Company, Inc. [D.E. 48]. The Report and Recommendation was adopted by the District Court Judge on February 5, 2013. [D.E. 50]. Thereafter, the Clerk entered a default as to Defendants West Tennessee Exploration, Inc. and Defendant West Tennessee Exploration Company, Inc. on February 6, 2013. On April 5, 2013, the Magistrate Judge held a hearing on damages.

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff

must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983).

In this case, Plaintiff asked for a judicial foreclosure of the property at issue, $280,000 which he states is the value he was told the property was worth, and attorney fees and expenses. The Magistrate Judge believes a lien and a judgment for the value of the property would be a windfall recovery. In fact, Plaintiff admits that he only suffered actual damages of $25,000. [See D.E. 63-1, Declaration of Paul B. Champion].

Accordingly, the Magistrate Judge recommends a default judgment be entered by the Court against Defendants in the amount of $25,000, as well as attorney's fees in the amount of $14,170 and expenses in the amount of $6,162.86. [See D.E. 63-1, Declaration of Paul B. Champion, D.E. 63-12].

**Respectfully Submitted,**

s/Edward G. Bryant
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **May 14, 2013**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.